Bank of Rutland *v.* Woodruff & Marsden.

---

BANK OF RUTLAND *v.* WOODRUFF & MARSDEN.

*Bills of Exchange. Acceptance. Assumpsit. Collateral Securities.*

The drawees of two bills of exchange, residing in the State of New York, procured them to be discounted at the plaintiff's bank in Vermont, through an agent of the bank in New York. The other parties to the bills were mere accommodation parties for the drawees, and the money was obtained on the

bills by the drawees, for their own use, they assuring the agent of the bank at the time the bills were left with him, that they should be paid; but no written acceptance was made on the bills by the drawees as required by the law of New York, to bind a party as an acceptor; *Held,* that the bank was entitled to recover the amount of the bills from the drawees in an action upon the general counts in assumpsit, as for money loaned upon deposit of the bills as collateral security.

A creditor, holding collateral securities for his debt, need not surrender such securities to the debtor in order to enforce his debt directly against him. The creditor is entitled to hold them *until he gets his pay,* and then the securities belong to the debtor.

Where the drawee of a bill, not accepted by him in writing, has it in his possession and procures another to discount it, or advance the money upon it to him, the law in this State would from that fact imply an *acceptance* of the bill by the drawee, without any express language to that effect; and where the drawee resides in another state and procures the presentment of the bill for discount, and the money upon it in this state, through an agent of the party discounting, the effect would be the same.—POLAND, Ch. J.

ASSUMPSIT on two bills of exchange, and on all the common counts. Plea, the general issue, and trial by the court at the September Term, 1860,—PIERPOINT, J., presiding.

The plaintiff introduced in evidence the bills of exchange declared on, with certificates of protest for non-payment attached, and also gave evidence from which the court found the following facts : The defendants were copartners in the produce trade, purchasing in the country, with their house of business in New York. The bills were made at Pawlet, in this state, (where they bear date) Nov. 8th, 1859, by one John J. Woodard as drawer, addressed to the defendants, at 18 Front Street, New York, as drawees, and endorsed, one by John Stearns and the other by James Mendon and David Woodard. The bills were so made and endorsed at the request of the defendant, Marsden, and for the sole accommodation of the defendants, as the drawer and indorsees were all informed at the time the bills were made. On the day of their date the defendant, Marsden, and one Carvet, a clerk of the drawees, went with the bills to a Mr. Smith, in Granville, in the State of New York, where Smith resided, with a view to negotiate the bills and obtain money on them for the use of the defendants. Smith was at the time an agent of the plaintiff to exchange the money of the bank and purchase checks on other banks, and had also authority to receive, and had been

in the habit of receiving. paper for discount and forwarding it to the plaintiff to be discounted ; and this and the plaintiff's course of dealing with Smith were known to the defendants. In relation to such paper the plaintiff was accustomed to rely much on Smith's judgment and knowledge of the parties and circumstances under which it was made. The bills in question were left with Smith at this interview, with the understanding between him and Marsden that Smith would get the money on them from the plaintiff the next day, (Nov. 9th,) and send it to Marsden at White-hall, Marsden at the time assuring Smith that the bills should be paid, and stating also that the drawer was doing business and paying out considerable money for the defendants. Smith was at the Bank on the 9th of November with the bills, and communicated to the cashier what had transpired between himself and Marsden in relation to sending the money to Whitehall, but not what had been said as to the bills being paid. The bills were thereupon discounted by the plaintiff, and the cashier immediately forwarded the money for their amount to Marsden at Whitehall, according to Marsden's directions to Smith. The money was duly received there by Marsden, and by him immediately appropriated to the use of the defendants.

The defendants introduced in evidence a statute law of the state of New York, providing among other things that no person within that state should be charged as an acceptor on a bill of exchange, unless his acceptance should be in writing, signed by himself or his lawful agent.

The court decided that the plaintiffs could not recover on the counts against the defendants as acceptors, but were entitled to recover on the common counts, and rendered judgment for the amount expressed in the two bills of exchange, with interest, to which the defendants excepted.

_H. Allen_, for the defendants.

_S. H. Hodges_ and _E. Edgerton_, for the plaintiff.

POLAND, Ch. J. The county court decided that the plaintiffs could not recover upon their special counts against the defend-

ants as acceptors of the two bills; but allowed them to recover on the money counts. This decision was doubtless made on the ground that the facts did not show a legal acceptance by the defendants, which there must be in order to make them liable as parties to the bills. If, however, the facts found by the county court, and placed upon the record, constitute a legal acceptance by the defendants, the judgment of the county court might be sustained on that ground, for it is well settled that the acceptor of a bill stands like the maker of a note, as the party apparently ultimately liable upon it, and may be made liable on the general counts. The judgment of the county court which we are to examine, is the judgment for the plaintiffs on the general counts. If that was right, on any ground that appears in the case, it should be affirmed. It is well settled in England that a parol acceptance of a bill is binding; and it has been so decided in this state. *Fisher* v. *Beckwith*, 19 Vt. 31.

But the defendants say, that if these bills were ever accepted by them, the acceptance was in New York, and that by the law of that State a parol acceptance is not good. It seems to us that upon the facts stated in the exceptions, it might be very justly claimed that the bills were accepted here. Where a party having in his possession a bill drawn upon himself, procures another to discount it, or advance the money upon it to him, the law would from that fact imply an acceptance by him, without any express language to that effect.

The presumption upon the face of a bill of exchange in common form is, that the drawer has funds in the hands of the drawee, with which to make payment, and the bill directs him to pay the same to the holder. When, therefore, the drawee himself procures another to advance the money upon it, it is an implied admission on his part that he has the funds to meet it, and that it will be duly met at maturity.

The defendants presented the bills to Smith, the plaintiff's agent in New York, for discount, but he did not discount them, and the defendants left the bills with him to carry to the bank and get them discounted there; and this was done by Smith. This, of course, is the same as if the defendants had in person taken the bills to the bank and received the money on them.

The defendants' express promise to Smith, that the bills should be paid, was made in New York, and cannot be treated as an acceptance on account of the law of that state.   But, without regard to any acceptance by the defendants, we think the plaintiffs entitled to recover for the money advanced to the defendants. ، The exceptions find that both the drawer and endorser of the bills were mere accommodation parties for the defendants, that this was communicated by the defendants to Smith, the plaintiff's agent, through whom they procured the plaintiffs to take the bills and advance the money thereon, and they expressly promised the bills should be paid at maturity.   Although what was said by the defendants to Smith in New York, must be disregarded as a strict acceptance of the bills, still for all other purposes it is the same as if said in this state and to the plaintiffs in person.   The defendants obtain this advance of money from the plaintiffs by informing them that they are the parties who have the benefit of the money ; that it belongs to them to repay it, and at the same time promise they will pay it, and at the same time deliver over the bills, informing the plaintiffs' agent that all parties upon it are mere sureties for them.   It is impossible for us to see any ground of objection to allowing the plaintiffs to directly maintain an action to recover back the money.   The general rule that a party to a negotiable instrument, who transfers it and receives pay for it, is only liable on the instrument itself, is well enough settled, and if he do not become a party by endorsement, that he is under no liability at all.

But here the defendants were not liable upon this bill at all, unless what they did amounted to an acceptance by them ; they received the money and promised to repay it when the bill fell due.   It looks much like a loan of money, and a delivery of the bills as collateral security for its payment.   There is something very odd in the idea of a party selling an order or bill drawn on himself receiving the money upon it, and then escaping all liability whatever by refusing to honor the paper when presented. Such refusal is a direct fraud upon the party advancing the money.   It is claimed, too, that if the plaintiffs held these bills as collateral security for the money merely, they should have offered to surrender them before sueing for the money ; that they

cannot pursue their remedy directly for the money, and hold the bills at the same time. But it is a new doctrine to us, that a creditor holding collateral securities for a debt, cannot enforce his debt without first surrendering his securities. He is entitled to hold them till he gets his pay; then they belong to the debtor. The cases where a creditor has taken out security in place of another, but has a right to return that and resort to his original demand, have no application to the present case.

Judgment affirmed.