## FRANCIS B. SMITH *vs.* SEWALL C. STROUT *et als.*

*Promise without consideration. Rights of one who holds collateral.*

A creditor, who holds railroad bonds as collateral security for a debt is not bound by an unexecuted promise to the debtor, made without consideration, to give them up.

Nor does he lose his right to hold such bonds by suing the principal debt, and recovering execution, and arresting the body of the debtor thereon.

ON EXCEPTIONS.

TROVER to recover the value of four bonds of the Portland & Oxford Central Railroad Company, held by Paddock, one of the defendants, as collateral security for a loan to the plaintiff, still unpaid. After maturity of the note given for this loan, a judgment and execution were obtained upon it, the debtor arrested, and gave the six months' bond authorized by R. S., c. 113. The plaintiff contended that these proceedings were a waiver and discharge of the creditor's claim to hold the collateral security, but the justice of the superior court, to whom the cause was submitted, ruled otherwise.

Mr. Paddock, after the arrest of his debtor, and upon the latter's demand for them, promised to surrender the collateral, but upon the advice of his counsel, the other defendants, in whose possession they were, declined to do so. The judge held this refusal was no evidence of a conversion. The plaintiff excepted.

*F. O. J. Smith*, for the plaintiff.

By taking the body the creditor surrenders, for the time being, the right to take the property of his debtor. *Miller* v. *Miller*, 25 Maine, 110; *Lyman* v. *Lyman*, 11 Mass., 321; *Legg* v. *Willard*, 17 Pick., 140; *Knowlton* v. *Homer*, 30 Maine, 555; *Spaulding* v. *Adams*, 32 Maine, 212.

Paddock's express agreement was, clearly a waiver of 'his lien; and the other defendants only justify under that.

*S. C. Strout* and *H. W. Gage*, for the defendants.

PETERS, J. The plaintiff owed one of the defendants, and gave him certain railroad bonds as collateral to the debt. The defendant afterwards said to the plaintiff that he would surrender the bonds to him, but failed to do so. The principal debt is not yet paid. This is not a waiver of a right to hold the bonds by the creditor. It is, at most, but a promise to waive. Being unexecuted and without consideration, the creditor was not bound by it.

The debtor further contends that the creditor has forfeited his right to the bonds, because, after taking them as security, he sued the original debt and recovered execution, and arrested the body of the debtor thereon. But this point cannot be maintained. The law does not extend a double remedy to a creditor to collect a debt by the use of a *capias* and an attachment upon the same process. But parties may superadd to the remedy at law, by agreement between themselves, such arrangements for securing the payment of debts as they please. The very essence of a collateral agreement of this kind is, that the security may be resorted to for a satisfaction of the principal debt, if its payment shall not otherwise be obtained. The principle established in a class of cases, like *Legg* v. *Willard*, 17 Pick., 140, relied on by the plaintiff, is not applicable here. There the creditor caused the property, held in pledge by him, to be attached upon a writ sued out upon the very claim for the security of which the property was pledged. The two claims of the creditor in that case were inconsistent. In this case, the continued possession of the bonds by the creditor was not at all inconsistent with any of the means adopted by him to endeavor to collect his debt.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.