[No. 7,205.—Department Two.]

SONOMA VALLEY BANK v. WILLIAM McP. HILL.

| 59 | 107 |
| 82 | 653 |
| 59 | 107 |
| 107 | 642 |
| 59 | 107 |
| 125 | 512 |

CORPORATIONS—LIABILITY OF STOCKHOLDERS—PLEDGE—DEFINITION.—In an action against a stockholder to recover his ratable proportion of the debt of a corporation, it appeared that the corporation had transferred to the plaintiff its personal property "as security for the indebtedness due." The Court instructed the jury that it was no defense that a portion of the property given in pledge to the plaintiff remained in his hands undisposed of.

*Held,* That the instruction was correct, and that other instructions embodying a contrary doctrine were rightly refused.

ID.—ID.—The stockholders of a corporation are not sureties as regards the creditors of a corporation.

Id.—Id.—Id.—Id.—In the absence of a statute or stipulation to the contrary, the possession of the pledged property does not suspend the right of the pledgee to proceed personally against the pledgor for his debt without selling the pledge.

Id.—Id.—Id.—Id.—*Held, further,* That the transaction (the possession having been transferred to the pledgee) was a pledge, and therefore that it was not error for the Court to refuse to instruct the jury that if they believed from the evidence that it was a mortgage or security for the payment of the indebtedness of a corporation or an actual sale. the plaintiff could not recover.

Appeal from an order granting the defendant's motion for a new trial in the Twenty-second District Court of Sonoma County. Temple, J.

The transfer referred to in the opinion was in the following words: " We, the undersigned, * * * do hereby transfer to said Sonoma County Bank all cash, books, accounts, notes, and personal property belonging to Sonoma Valley Wine and Brandy Company, as security for the indebtedness due said bank."

*Thomas Rutledge* and *William E. McConnel,* for Appellant.

The instruction given by the Court was correct, and the instructions asked by the defendant were rightly refused. (Civ. Code, §§ 322, 323; *Young* v. *Rosenbaum,* 39 Cal. 646; *Hook* v. *White,* 36 id. 299; *Mokelumne Hill C. & M. Co.* v. *Woodbury,* 14 Cal. 265; *Davidson* v. *Rankin,* 34 id. 503; *Robinson* v. *Bidwell,* 22 id. 380.) The position of the defendant is that of a principal debtor. (Civ. Code, § 322; *Mokelumne Hill C. & M. Co.* v. *Woodbury,* 14 Cal. 265; *Davidson* v. *Rankin,* 34 id. 503; *Young* v. *Rosenbaum,* 39 id. 646.) Section 726, of the Code of Civil Procedure, only relates to mortgages and not to pledges. (*Mauge* v. *Heringhi,* 26 Cal. 576, and opinion, p. 581.) There can be no mortgage of personal property except that described in the Civil Code, section 2955. In this case there was no mortgage, but at most a mere pledge. (Story on Bailments, 8th ed., p. 246, § 287; Civ. Code, § 2987.)

*George A. Johnson* and *Barclay Henley,* for Respondent.

There was no abuse of discretion, therefore, in granting a new trial. But even if the reason given by the Court was proper

in the statement, yet a right judgment cannot be reversed because of a wrong reason.   (*Helm* v. *Dumars*, 3 Cal. 454; *Mills* v. *Barney*, 22 id. 240; *Bleven* v. *Freer*, 10 id. 172; *Wallace* v. *Eldredge*, 27 id. 498; *Oulahan* v. *Starbuck*, 21 id. 413; *Bolton* v. *Stewart*, 29 id. 615; *Wright* v. *Ross*, 36 id. 425.) But we maintain that the Court was indisputably right in holding that under the circumstances of this case as detailed in the evidence, plaintiff could not recover until he had disposed of or accounted for all the property given it in pledge.

THORNTON, J.:

This action was brought to recover of the defendant his ratable proportion of a debt of the corporation (the Sonoma Wine and Brandy Company), in which he owned stock.

It appears that on the trial there was evidence showing that the corporation had transferred to the plaintiff its personal property, including evidences of debt to secure its indebtedness to it, some of which had not been disposed of in any way.   At the request of the plaintiff, the Court directed the jury as follows: "It is no defense to this action that a portion of the property of the Sonoma Valley Wine and Brandy Company, which was given in pledge to the plaintiff, remains in the hands of the plaintiff undisposed of."   Afterwards, on a motion for a new trial, made on the minutes of the Court, a new trial was ordered, "upon the ground and no other" (so expressed in the statement made on which to bring the case to this Court) that the plaintiff could not recover against a stockholder of the corporation until it had disposed of or accounted for all the property given it in pledge as security by the corporation.   The plaintiff appealed from the order granting a new trial.

If this latter view taken by the Court is correct, the new trial was properly granted.

The action against the stockholders is provided for by section 322 of the Civil Code.   Under a statute of this State not differing in any essential particular from the section of the code above referred to, as far as the question involved in the instruction quoted is concerned, it has been repeatedly held that the stockholders of a corporation are not, as regards the creditors of such corporation, sureties, but principal debtors.

(*Mokelumne Hill etc.* v. *Woodbury*, 14 Cal. 265; *Davidson* v. *Rankin*, 34 id. 503; *Young* v. *Rosenbaum*, 39 id. 654.) Such, in our judgment, is the relation of a stockholder under the code to the creditors of a corporation who became such creditors while the stockholders held and owned shares. (Civ. Code, § 322.)

Now it is well settled that in the absence of a statute or stipulation to the contrary, the possession of the pledged property does not suspend the right of the pledgee to proceed personally against the pledgor for his debt, without selling the pledge, for the reason that the security is only collateral. It has been repeatedly so held. (See *Bank of Rutland* v. *Woodruff*, 34 Vt. 89; *Robinson* v. *Hurley*, 11 Iowa, 410; *Butterworth* v. *Kennedy*, 5 Bosw. 143; *Elder* v. *Rouse*, 15 Wend. 218; *Langdon* v. *Buel*, 9 id. 80, 83; *Case* v. *Boughton*, 11 id. 106; *Beckwith* v. *Sibley*, 11 Pick. 482; *Townsend* v. *Newell*, 14 id. 332; *Whitaker* v. *Sumner*, 20 id. 399.)

In the case above cited from the Vermont reports (*Bank of Rutland* v. *Woodruff*), the law is stated in the opinion of the Court: " It is claimed, too, that if the plaintiffs held these bills as collateral security for the money merely, they should have offered to surrender them before suing for the money; that they can not pursue their remedy directly for the money, and hold the bill at the same time. But it is a new doctrine that a creditor holding collateral securities for a debt, can not enforce his debt without surrendering his securities. He is entitled to hold them until he gets his pay; then they belong to the debtor."

The rule on this subject is thus stated in *Robinson* v. *Hurley*, above cited: " After the debt falls due the pledgee under the law has his election to pursue one of three courses : First, to proceed personally against the pledgor for his debt without selling the collateral security; or second, to file a bill in Chancery and have a judicial sale under a regular decree of foreclosure; or third, to sell without judicial process, upon giving reasonable notice to the debtor to redeem." In *Smith* v. *Strout*, 63 Me. 205, it was held that judgment recovered against the pledgor on the debt does not preclude the pledgee from continuing to hold the pledge.

As a pledge is a security for the payment of the debt, the

pledgee must have the right to retain it until the debt is paid. Such is the character of the security, and the decisions in the cases above referred to are in accordance therewith. (See further on this subject *Comstock* v. *Smith,* 23 Me. 202; *Whitwell* v. *Brigham,* 19 Pick. 117; *Buck* v. *Ingersoll,* 11 Metc. 226; Story on Bail., § 315; Redfield on Carriers, etc., § 666; 2 Kent's Com. 582.)

It follows from this that if the plaintiff herein had sued the corporation upon its indebtedness, such action could have been maintained, though the pledged property remained in the possession of the plaintiff. This being true of the corporation, *a fortiori* is it true as to the defendant stockholder in such corporation. We conclude, therefore, that there was no error committed in giving the instruction above set forth, that it stated correctly the law on the subject, and that the Court erred in granting a new trial on the ground stated above.

But it is contended on behalf of the respondent here (defendant below) that the Court erred on the trial in other particulars, and therefore that the new trial was properly granted, and the order granting it should stand.

The defendant asked the Court to give the following instructions, which were refused and exceptions were reserved:

"1. If the jury believe from the evidence that the transfer by the Sonoma Valley Wine and Brandy Company of its property to the Sonoma Valley Bank was a mortgage or security for the payment of the indebtedness of the Sonoma Valley Wine and Brandy Company to the Sonoma Valley Bank, then the plaintiff can not recover in this action."

"2. If the jury believe from the evidence that the transfer of its property by the Sonoma Valley Wine and Brandy Company to the Sonoma Valley Bank was an actual sale by the Sonoma Valley Wine and Brandy Company to the Sonoma Valley Bank in liquidation of the indebtedness of the company to the bank, then the plaintiff can not recover in this action."

As to the instructions first and second above quoted, it is only necessary to remark that the evidence introduced on the trial showed that the security given to the plaintiff by the corporation in this case was not in payment of the indebted-

ness of the corporation to the plaintiff. It also showed that the transfer made by the corporation to the plaintiff was not an actual sale made by such corporation to the plaintiff in liquidation of the indebtedness of the former to the latter. In our opinion the evidence proved that the property was transferred to the plaintiff as a pledge. The possession having been transferred to the pledgee, under section 2924 of the Civil Code, it is to be deemed a pledge.

The Court refused to give the following instruction requested by defendant, to which he excepted:

"6. A pledge is a transfer of the possession of personal property to secure the payment of a debt.

"The pledgee of such personal property is not entitled to recover a judgment for the money secured by the pledge until he first surrenders the property or makes a fair and reasonable endeavor to convert the same into money; therefore, I charge you that if you find that the plaintiff received notes, accounts, and other personal property from the Sonoma Valley Wine and Brandy Company to secure the payment of the indebtedness of said company to the bank, and then if you find that the bank has not returned said property to said company, nor used reasonable diligence in putting it into market or converting it into money, then you must find for the defendant."

What has been said above in regard to the first instruction quoted herein is applicable to the proposition involved in this request to charge. And further, there is no evidence that the plaintiff failed to use such diligence in putting the pledged property into market, or in converting it into money, as the law imposed upon it. In fact, the evidence fails to show that any more could have been collected on the notes than was collected by the plaintiff and applied to the discharge of the debt due it, or that the plaintiff did not use such diligence in making collections as required by law. If there had been any delay in selling the property or in making collections, it does not appear that the pledgor (the indebted corporation) has suffered any loss or damage in consequence. It follows from this that the defendant has not been damaged. There were other requests for directions to the jury, which we here insert:

"7. If you find that personal property was received in pledge by said bank from said company, then the burden of proof to show that said property was returned to said company, or that due diligence was employed by said bank in its disposition and sale, rests upon the plaintiff in this case."

" 9. Where there is a pledge or mortgage to secure such a debt as sued upon in this case the pledged or mortgaged property must be exhausted before a suit can be maintained on the note."

As to these we only consider it necessary to say that what has been said above shows that the refusal to grant these requests was not error.

The obligation of the pledgee to account for the property delivered in pledge before the payment of the debt by the pledgor does not arise under the evidence. If it had been shown that any damage had resulted to the pledgor by the default or neglect of the pledgee, the amount of such damage might have been deducted from the plaintiff's debt; but as above stated, no such damage appears to have been sustained.

In our judgment the Court erred in granting a new trial on the ground on which it was ordered, and the order is therefore reversed.

SHARPSTEIN, J., and MYRICK, J., concurred.