## ALICE B. HENDERSHOTT

### v.

## WILLIAM S. CALHOUN.

LANDLORD AND TENANT—INDORSEMENT OF ORDER.—Plaintiff leased certain premises to defendant for one year at $25 per month, and being indebted to one DeWolf, drew an order on defendant requesting him to pay all of said twelve monthly installments to said DeWolf, which order defendant duly accepted. Defendant paid the installments to DeWolf for several months, and then vacated the premises, and refused to pay further rent. Plaintiff paid the balance remaining due to DeWolf, who indorsed the aforesaid order in blank and delivered it to plaintiff, and she brought suit against defendant for the balance of the rent due. *Held*, that an instruction that the giving of the order to DeWolf barred the plaintiff's right to recover was erroneous.

ERROR to the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding. Opinion filed December 16, 1885.

Mr. ELBRIDGE HANECY and Mr. F. P. REYNOLDS, for plaintiff in error; that where a lease under seal fixes a certain amount of rent to be paid, a parol agreement changing the amount of rent to be paid and leaving the lease in other respects unchanged and in force is not binding on the lessor, cited Barnett v. Barnes, 73 Ill. 216; Toach v. Farum, 90 Ill. 368; Hume v. Taylor, 63 Ill. 43.

The order offered in evidence by defendant is a negotiable instrument and is assignable by indorsement: R. S., Ch. 98, §§ 3, 4; Turner v. P. & S. R. R. Co., 95 Ill. 134.

Mr. W. W. EVANS, for defendant in error; cited Fisher v. Deering, 60 Ill. 114; Scheidt v. Belz, 4 Bradwell, 431; Seavey v. Carrigan, 4 Bradwell, 324.

BAILEY, P. J. This was a suit commenced before a justice of the peace by Alice Hendershott against William S. Calhoun, and taken by appeal to the circuit court, where a trial before the court and a jury resulted in a verdict and judgment for the defendant.

It appears that on the 7th day of February, 1882, the plaintiff executed to the defendant a lease under seal, demising certain premises for a term of one year from May 1, 1882, and reserving as rent the sum of $300, payable in monthly installments of $25 each. On the day on which the term commenced, the plaintiff, together with her husband, being indebted to one James E. DeWolf in the sum of $300 upon a promissory note of that date executed by them to him, drew an order on the defendant, by which they requested him to pay each of said monthly installments of rent to said DeWolf to apply in payment of said note, which order was then and there duly accepted by the defendant in writing and delivered to said DeWolf. In pursuance of said order, the defendant paid said rent to DeWolf down to and including the installment for November, 1882, and one half of the installment for December, and then vacated the premises and refused to pay any further rent. On the first day of May, 1883, and before the commencement of this suit, the plaintiff paid the bal-

ance remaining due on the note to DeWolf, and thereupon DeWolf indorsed said order in blank and delivered the same to the plaintiff, and the same was produced by her at the trial.

The only instruction given by the court to the jury was the following, which was given at the instance of the defendant:

"The jury are instructed for the defendant, that if they believe, from the evidence, that the money due and to become due under the lease in question was assigned by the plaintiff to J. E. DeWolf on or about the first day of May, 1882, to apply in payment of indebtedness due from the plaintiff to said DeWolf, and that the said defendant agreed thereafter to make his payments to said DeWolf, and that he did make such payments up to the time of leaving the premises in question, then the jury are instructed that the said defendant became liable to pay said rent to said DeWolf, and in that case the plaintiff can not recover the same in this action."

The only evidence of an assignment of the rent by the plaintiff to DeWolf was that furnished by the order. Whether an instrument not under seal could operate, technically, as an assignment of the rent reserved by a sealed lease, it is not necessary, in the view we take of the case, to determine. If it be admitted that it had that effect, it is clear that the assignment was in the nature of a pledge or mortgage of the rents as collateral security for the payment of the indebtedness from the plaintiff to DeWolf. Under such assignment the assignee was undoubtedly entitled to receive payment of the rents so long as the debt or any part of it remained unpaid; but on payment of the debt, his rights under the assignment became satisfied and extinguished.

"Upon payment or tender of the debt, the pledgor is entitled to a return of the collateral securities which he has deposited with the pledgee." Colebrooke on Collateral Securities, 134. A creditor holding collateral securities for a debt, is entitled to hold them until he gets his pay; then they belong to the debtor. Bank of Rutland v. Woodruff, 34 Vt. 89. See also, Lewis v. Mott, 36 N. Y. 402; Ocean National Bank v. Fant, 50 Id. 474.

When the plaintiff paid DeWolf the balance due on the note, the order, if not *functus officio*, became the property of the plaintiff, and she was entitled to have it surrendered to her. DeWolf, recognizing her rights, surrendered the order, and thereby the rents which had been assigned or pledged to him became the plaintiff's, and thenceforth they were payable to her.

The instruction proceeded upon the theory that the assignment of the rents to DeWolf was absolute, and wholly ignored the facts, about which there seems to have been no controversy, that they were assigned merely as collateral security; that the debt for which they were pledged had been paid, and that the assignment or pledge had been surrendered to the plaintiff. It is manifest that the instruction failed to lay down the correct rule of law applicable to the evidence, and was therefore erroneous.

There was some controversy as to the condition of the demised premises at the time the defendant vacated them, it being claimed that in consequence of their want of repair, the defendant was discharged from the further payment of rent. That branch of the case was not covered by the instruction, it being held that the giving of the order to DeWolf barred the plaintiff's right to recover. It may be presumed, therefore, that the verdict was based solely upon the defense submitted to the jury by the instruction. We do not for that reason deem it necessary to consider the weight or effect of the evidence tending to show that the premises were uninhabitable at the time the defendant vacated them.

For the error in giving the instruction the judgment will be reversed and the cause remanded.

*Judgment reversed.*