## Mueller v. Nichols.

1. PLEDGES.—*When to be Sold at the Request of Pledgor.*—The pledgee of negotiable paper is bound to use reasonable diligence for its collection; but the pledgee of either chattels or choses in action is not bound to sell the same at the request of the pledgor.

**Memorandum.**—Assumpsit.   In the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding.   Appeal by defendants. Heard in this court at the October term, 1893, and affirmed.   Opinion filed December 21, 1893.

The statement of facts is contained in the opinion of the court.

A. G. WHITNEY, attorney for appellant.

SYDNEY STEIN, attorney for appellee.

OPINION OF THE COURT, WATERMAN, J.

The question presented in this case is whether the holder of a warehouse receipt for ten barrels of whisky, pledged to him as security for the payment of the pledgor's note, is bound upon request of the pledgor to sell such whisky or the receipt and apply the proceeds to the payment of the note.

Such pledge is but a mortgage and we are not aware of any rule that requires the holder of a mortgage to foreclose the same upon the request of the mortgagee.

The pledgee of negotiable paper is bound to use reasonable diligence for its collection, but the pledgee of either chattels or choses in action is not bound to sell the same at the request of the pledgor.    Rozet v. McClellan, 48 Ill. 345; Story on Bailments, Sec. 308; Granite Bank v. Richardson, 7 Met. 407; Smith v. Stoul, 63 Me. 205; Robinson v. Hurly, 11 Iowa, 410; 3d Parsons on Contracts, 289.

If, in this case, the pledgor desired to have the receipt or whisky sold, he should have paid up his debt and then he could have done what he liked with his property.    He can not hold the pledgee liable for any loss occasioned by his failure to sell.

The order of the Circuit Court striking appellant's affidavits, etc., from the files is affirmed.