[Sac. No. 1580.   In Bank.—March 13, 1908.]

# H. P. ANDERSON, Appellant, v. AMALIA SCHLOESSER, Defendant; GEORGE F. STONE (Substituted Defendant), Respondent.

CORPORATIONS—ACTION AGAINST STOCKHOLDER—ATTACHMENT OF REAL ESTATE—SALE UNDER EXECUTION—TRANSFER BY DEFENDANT—SUBSTITUTION NOT PERMISSIBLE.—In an action to enforce the liability of a stockholder, upon a contract by the corporation with plaintiff, in which real estate belonging to the defendant was attached and sold under execution upon a money judgment against defendant, a transfer by the defendant of the attached real estate pending suit, is not such a transfer of an interest in the action, as to entitle the transferee to be substituted as party defendant under section 385 of the Code of Civil Procedure, regardless of the fact whether the service of the summons upon the original defendant was personal, or by publication.

ID.—SUBJECT OF ACTION DETERMINED BY COMPLAINT—NO RIGHT TO JUDGMENT AGAINST TRANSFEREE—SUBJECT NOT AFFECTED BY ATTACHMENT.—The subject of the action is determined from the complaint, which shows only a right of action against the original defendant, as a stockholder, and no right to any judgment against a transferee of her property. The subject of the action is unaffected by the levy of an attachment, the effect of which is merely to create a lien as security for any judgment that might be recovered against the defendant.

ID.—EFFECT OF DEATH OF NON-RESIDENT DEFENDANT—TRANSFEREE NOT A REPRESENTATIVE—JUDGMENT PAYABLE IN COURSE OF ADMINISTRATION. — The death of the original non-resident defendant, after her transfer to defendant pending suit, could not confer upon him any right to substitution as her representative. But if there should be administration of her estate in this state, a claim of the demand here sued upon could be presented to her executor or administrator, and be made the basis of a judgment payable in due course of administration, in this action, under section 1512 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Lassen County substituting a transferee of the original defendant as defendant.   F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

Garoutte & Goodwin, and Pardee & Pardee, for Appellant.

N. ·J. Barry, John Sands, and Solinsky & Wehe, for Respondent.

SLOSS, J.—On November 11, 1904, the plaintiff, H. P. Anderson, commenced in the superior court of Lassen County an action against Amalia Schloesser to recover from her certain sums claimed to be due on account of her liability as a stockholder in Hayden Hill Golden Eagle Mining Company, a corporation. A writ of attachment was issued, and was, on the twenty-eighth day of November, 1894, levied on the defendant's interest in the Evening Star Mine. On August 28, 1905, the court gave judgment in favor of the plaintiff against the defendant Amalia Schloesser for $2,258.70 with costs and interest. It was in form an ordinary money judgment and contained the following recitals: "In this action the defendant, Amalia Schloesser, having been regularly served with process, and having failed to appear and answer plaintiff's complaint herein, and the legal time for answering having expired, and no answer or demurrer having been filed; and by order of the court the default of said defendant having been entered in the premises according to law on the twenty-sixth day of August, 1905;" . . . This judgment was entered on August 28, 1905, and on the twenty-eighth day of October, 1905, all the right, title, and interest of Amalia Schloesser in said Evening Star Mine was sold under writ of execution issued in this cause.

On February 16, 1906, respondent, George F. Stone, filed and served upon the plaintiff a notice that he would move the court for an order substituting him as defendant in the place and stead of said Amalia Schloesser. The grounds of the motion, as stated in the notice, were: "That said action is an action to subject real estate within the state of California to the payment of an indebtedness of the plaintiff Amalia Schloesser; that said Amalia Schloesser was a nonresident of the state of California and is now dead, and that subsequent to the commencement of said action all the right, title and interest of the said Amalia Schloesser of, in and to said real estate has been transferred to the said George F. Stone, and that he is now the legal owner thereof." Upon the hearing of the motion Stone offered in support of his motion the affidavit of one Barry alleging that the action "is an

action commenced against a non-resident of the state to subject certain real estate situated in the county of Lassen, . . . and known as the Evening Star Mine, . . . to the payment of an alleged indebtedness of said defendant; that subsequent to the commencement of said action defendant transferred all her right, title and interest of, in and to said Evening Star Mine to George F. Stone, and that said George F. Stone is now the legal owner of said real estate; that affiant is informed and believes, and upon such information and belief alleges the fact to be, that the said Amalia Schloesser is now dead.'' In addition, Stone offered in evidence plaintiff's complaint in the action. This was a complaint which alleged that the Hayden Hill Golden Eagle Mining Company was indebted on certain contracts to the plaintiff and that the defendant was the holder and owner of one half of the subscribed and issued capital stock of said corporation. It alleged further that the defendant Schloesser was a resident of the state of Illinois and the owner of an interest in the Evening Star Mine, and ''that this action was brought for the purpose of subjecting said defendant's interest in said mine or mining claim to the payment of such proportion of the indebtedness aforesaid as said defendant may be found legally liable for.'' The complaint prayed judgment against said defendant for one half of the amount of the indebtedness of the corporation with interest. In opposition to the motion the plaintiff offered an affidavit stating that the action did not relate to or affect the title, the possession, or the right of possession of any real property, and setting forth the facts as to the issuance of the attachment, the recovery and entry of judgment, and the execution sale as hereinbefore stated. It further alleged that the conveyance to Stone was not made until the twenty-first day of January, 1905, after the levy of the writ of attachment. The court granted the motion for the substitution of Stone as defendant in place of Amalia Schloesser, and plaintiff appeals from the order so made.

Section 385 of the Code of Civil Procedure provides that ''an action or proceeding does not abate by the death or any disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against

his representative or successor in interest. In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding.''

The respondent's right to be substituted rests, if it can be supported at all, upon the last sentence of this section. He claims by reason of a transfer made to him by Amalia Schloesser in her lifetime, not in the capacity of one who as representative, or otherwise, succeeded to her interest by reason of her death or disability. The fact that, after the transfer to Stone, his grantor died, is therefore a false quantity in the case. Whatever rights Stone had were derived from the conveyance to him, and were fixed at the time of such conveyance.

Was this such a transfer of interest in the ''action'' or in the ''cause of action,'' as justified the substitution of Stone in place of the original defendant? The order appealed from not only made Stone a party to the suit, with the right to take such steps therein as might be necessary to protect his interest, but it eliminated Amalia Schloesser as a party, and prevented the plaintiff, in any future stage of the proceeding, from obtaining any relief against her. The nature of the cause of action is to be determined from the complaint, and the conclusions of witnesses expressed in affidavits can have no weight in this connection. The complaint was simply one to recover money claimed to be due to plaintiff from the defendant Schloesser on contracts made by a corporation of which she was a stockholder. As such stockholder she was directly and primarily liable on these contracts. (*Young* v. *Rosenbaum,* 39 Cal. 646; *Hyman* v. *Coleman,* 82 Cal. 650, [16 Am. St. Rep. 178, 23 Pac. 62]; *Knowles* v. *Sandercock,* 107 Cal. 629, [40 Pac. 1047].) The allegation that the action was brought to subject defendant's interest in the Evening Star Mine to the payment of plaintiff's claim does not alter the fact that plaintiff set forth a case of a personal liability on the part of defendant Schloesser, entitling him to the relief which he asked,—i. e. a general judgment against her. On this complaint, the plaintiff had no claim against Stone, and was not entitled to any judgment against him. The effect of levying an attachment against

the property of the defendant was merely to create a lien on that property as security for any judgment that might be recovered against Schloesser. The attached property did not thereby become the subject of the action. The subject of the action consisted, as it had from the outset, of plaintiff's demand against Schloesser. The fact that Stone acquired an interest in the attached property, while it might justify his becoming a party to the action for the purpose of protecting that interest (*Wilson* v. *Baker,* 64 Cal. 475, [2 Pac. 253]; *Trumpler* v. *Trumpler,* 123 Cal. 248, [55 Pac. 1008]; *Crescent Canal Co.* v. *Montgomery,* 124 Cal. 134, [56 Pac. 797]), would furnish no reason for ousting Schloesser as a party, and so depriving plaintiff of his right to a general judgment against her.

The theory upon which the substitution was asked appears from the briefs to have been that, while the action was one for the recovery of a simple money judgment, there was no personal service upon the defendant within the jurisdiction, and that, under the familiar rule declared in *Pennoyer* v. *Neff,* 95 U. S. 741, and similar cases (*Brown* v. *Campbell,* 100 Cal. 641, [38 Am. St. Rep. 314, 35 Pac. 433]; *Murray* v. *Murray,* 115 Cal. 266, [56 Am. St. Rep. 97, 47 Pac. 37]), the judgment obtained on substituted service could not be effectual except to the extent of subjecting to the satisfaction of plaintiff's claim property which had been attached or otherwise brought within the jurisdiction of the court at the inception of the proceedings. It is a sufficient answer to this proposition to say that nowhere in this record does it appear that the judgment was one rendered on substituted service. All that appears regarding service is the recital of the judgment hereinbefore quoted, which is that the defendant Amalia Schloesser had been regularly served with process, and had failed to appear and answer plaintiff's complaint herein. While it is shown that the defendant Schloesser was a non-resident of the state of California, there is nothing in the notice of motion for substitution or in the evidence to indicate that she was not at some time during the pendency of the action within this state, and that she was not while here served with summons. If she was so served, the court of course obtained jurisdiction to render a general judgment against her.

But even if we were to assume that the judgment was rendered on a service by publication, the transferee of the

attached property did not thereby become entitled to the substitution. While the judgment, if based on such service, could not be effectual to any greater extent than to subject the interest of the defendant Schloesser in the attached property to the payment of plaintiff's claim, it is still true that the prayer of the complaint and the facts therein alleged authorized a general judgment against the original defendant. So long as the action was pending it was possible for the court to obtain jurisdiction of that defendant by a personal service or by voluntary appearance on her part. It cannot be urged on behalf of Stone that the plaintiff's right to treat the action as one purely *in personam* ended with the entry of judgment. An action is pending ''from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed.'' (Code Civ. Proc., sec. 1049.) Indeed, the very motion of defendant to be substituted as a party defendant recognizes the action as a pending one. The sole purpose which Stone can have in now coming into the action as a defendant is to attack a judgment already entered. If he should succeed in a motion to set the judgment aside, the plaintiff would be left in the position of having to look solely to the attached property for the satisfaction of his claim, although he had commenced an action to recover a general judgment against a party personally liable. In this respect the case differs materially from *Fay* v. *Steubenrauch,* 138 Cal. 656, [72 Pac. 156], relied on by respondent. In that case the grantee of mortgaged land was, in a foreclosure suit, substituted for an original defendant, who was not himself the mortgagor, and was not personally liable for the debt.

As we have said, the death of Schloesser can add nothing to the rights of Stone, who succeeds to no right by virtue of her death. It may be remarked, however, that the fact of her death does not destroy the possibility of the court securing jurisdiction to render, in this action, a general judgment against her representatives. If there should be administration of her estate in this state, a claim on the demand here sued upon could be presented to the executor or administrator, and be made the basis of a judgment (payable in due course of administration) in this action. (Code Civ. Proc., sec. 1502.)

The order is reversed.

Shaw, J., Angellotti, J., Lorigan, J., Henshaw, J., and McFarland, J., concurred.

Rehearing denied.