DOLBEAR v. FOREIGN MINES DEVELOPMENT CO., Limited.

(Circuit Court of Appeals, Ninth Circuit.  May 20, 1912.)

No. 2,072.

1. CORPORATIONS (§ 252*)—STOCKHOLDER'S LIABILITY—NATURE AND CHARACTER.

Const. Cal. art. 12, § 3, provides that each stockholder of a corporation shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation. *Held,* that the stockholder's liability under such section was a primary and absolute one, attaching at the moment the debt was created, to enforce which the creditor might proceed directly against the stockholder, without first exhausting its remedy against the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1016–1023; Dec. Dig. § 252.*

Stockholder's liability to creditors in equity, see notes to Rickerson Roller-Mill Co. v. Farrell Foundry & Machine Co., 23 C. C. A. 315; Scott v. Latimer, 33 C. C. A. 23.]

2. CORPORATIONS (§ 252*)—STOCKHOLDERS—INDIVIDUAL LIABILITY—MORTGAGES.

Const. Cal. art. 12, § 3, creates a primary and absolute stockholder's liability for corporate debts, and Code Civ. Proc. Cal. § 726, relating to mortgages, provides that there can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage on real or personal property, which must be in accordance with the provisions of the chapter. *Held* that, where a corporation borrowed money and secured the same by a mortgage on its real property, the mortgagee's obligation to first enforce payment by foreclosure proceedings and charge the corporation with a personal liability for the deficiency only was an obligation to the corporation alone which did not affect the mortgagee's right to pursue the statutory liability of stockholders, and hence the mortgagee was not bound to foreclose before proceeding to enforce such stockholder's liability.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1016–1023; Dec. Dig. § 252.*]

Ross, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Northern District of California.

Action by the Foreign Mines Development Company, Limited, against C. E. Dolbear.  Judgment for plaintiff, and defendant brings error.  Affirmed.

Bishop, Hoefler, Cook & Harwood, of San Francisco, Cal., and A. J. Harwood, for plaintiff in error.

Charles W. Slack, of San Francisco, Cal., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge.  The defendant in error, a creditor of the California Trona Company, a corporation, brought an action against the plaintiff in error to recover judgment against him upon his individual liability as a stockholder of that corporation.  The debt

due to the defendant in error from the corporation was secured by a mortgage upon real property in the state of California. The complaint alleged that the defendant in error loaned to the California Trona Company $104,500, and it was stipulated in an agreed statement of facts that all of said sum except $4,000 thereof was secured by the mortgage at the time when it was loaned, and that on November 29, 1909, the defendant in error had commenced an action for the foreclosure of said mortgage and the recovery of the indebtedness thereby secured, which action was brought in the Circuit Court of the United States for the Northern District of California "and is now pending in that court." The defense pleaded in the answer of the plaintiff in error herein was the fact that the mortgage had been so executed, and that said action had been commenced and was still pending for its foreclosure. Upon the pleadings and the stipulated facts, the court below rendered a judgment for the defendant in error.

The plaintiff in error contends that under the laws of the state of California, if at the time when a corporation debt is contracted, and as a part of the same transaction, the debt is secured by a mortgage, a stockholder of the corporation is liable only for his proportion of any deficiency that may remain after the sale of the mortgaged property.

[1] The Constitution of California, article 12, § 3, provides:

"Each stockholder of a corporation or joint-stock association shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation or association."

It is the law in the most of the states that a creditor of a corporation must exhaust his remedy against the corporation before he can proceed against the stockholders to enforce their individual liability for the debt, and the same is held in several of the states in which the liability of a stockholder is declared by statute to be primary. California is one of the few states in which the liability of the stockholder is primary and absolute and attaches at the moment when the debt is created, and in which the creditor may proceed directly against the shareholder to enforce his liability, without first exhausting his remedy against the corporation. Sonoma Valley Bank v. Hill, 59 Cal. 107; Young v. Rosenbaum, 39 Cal. 646; Mokelumne Hill Canal, etc., Min. Co. v. Woodbury, 14 Cal. 265.

[2] But it is said that the creditor cannot proceed against the stockholder in this case because of the terms of section 726 of the Code of Civil Procedure, which provides:

"There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real or personal property, which action must be in accordance with the provisions of this chapter."

And reference is made to decisions in which that section has been construed, as in Crisman v. Lanterman, 149 Cal. 651, 87 Pac. 89, 117 Am. St. Rep. 167, where it was held that, until there shall be a sale of the mortgaged property resulting in a deficiency, there can be no personal judgment against the mortgagor, "who is entitled to have his

debt paid out of the land, so far as the proceeds of the land realized on foreclosure sale may render payment possible. The land is thus made primarily liable for the payment of the obligation, and the mortgagor can be called upon to pay only where the proceeds of the sale of the land are insufficient." And in Moore v. Gould, 151 Cal. 731, 91 Pac. 616, the court reaffirmed the rule that there is no personal liability on the part of a mortgagor unless the security shall prove insufficient to satisfy the debt. The argument is that inasmuch as the mortgagee could not enforce his claim against the corporation by an action to recover the debt due, but is obliged to resort to a suit for the foreclosure of his lien and to exhaust his security before taking a deficiency judgment against the mortgagor, the stockholder's rights are measured by those of the corporation, and that he, as well as the corporation, may require that the lien be exhausted by the foreclosure thereof before a judgment may be entered against him. The decision in Knowles v. Sandercock, 107 Cal. 629, 40 Pac. 1047, directly answers this contention. In that case the court said:

"The note was due, but the mortgage had not been foreclosed. This fact constitutes no defense for defendants. They are not affected by the fact that, because of the mortgage, only an action for foreclosure could be brought against the corporation. The mortgage only affects the remedy against the mortgagor—the corporation. The liability of the stockholder, as has already been said, is primary in the sense that he is not a surety. He is not injured, nor is he benefited by the fact that the corporation has given security."

It is urged that the decision in that case does not control decision in the case at bar, that in that case the mortgage was not given to secure the debt until a year after the debt had been incurred, and six months after the commencement of the action to enforce the stockholder's liability, and it is said that a different rule should apply in a case where, as here, the mortgage was given at the time of incurring the debt, for the reason that, when the debt in this case was contracted, the extent of the obligation of the corporation was only to pay any deficiency that might exist after the foreclosure sale, whereas in Knowles v. Sandercock, at the time when the action was brought against the stockholder, no mortgage had been given to secure the debt, and it might properly be said that the obligation of the corporation was at that time a debt to the full extent of the sum involved. But we are unable to see how or upon what principle it can be held that it makes any difference at what time the mortgage is given. Whenever and as soon as it is given, the mortgagee consents as between himself and the mortgagor to look first to the security, and to subject his claim and demand to the provisions of section 726. But that is his agreement with the corporation only. It is not his agreement with the stockholders, nor does it affect his right of action against a stockholder. It "only affects," as the court said, "the remedy against the mortgagor." Again the court said:

"He is not injured, nor is he benefited by the fact that the corporation has given security."

It is clear that the court in that case made no distinction between a mortgage securing antecedent debts and one securing a contempora-

neous obligation. Nor can any tenable ground for such a distinction be found. Section 726 does not modify the obligation of the maker of a promissory note secured by mortgage. Its effect is only to limit the remedy for the enforcement of the obligation. As stated therein, it prescribes the form of action "for the recovery of any debt or the enforcement of any right secured by mortgage." The obligation secured by the mortgage is still a "debt." Section 728 speaks of "the debt for which the mortgage, lien or incumbrance is held." In Henley v. Hotaling, 41 Cal. 22, the court said:

"A mortgage is a security for the performance of an agreement, which is usually to pay a sum of money. Leaving out of view other agreements than those for the payment of money, it is essential that there be an agreement, either express or implied, on the part of the mortgagor, or some one in whose behalf he executes the mortgage, to pay to the mortgagee a sum of money. If there is no debt, there is no mortgage."

In Adler v. Sargent, 109 Cal. 42, 41 Pac. 799, it was said:

"The mortgage is a mere incident to the debt which it secured."

In Lilly-Brackett Co. v. Sonnemann, 157 Cal. 192, 106 Pac. 715, 21 Ann. Cas. 1279, the court said:

"The note is the principal obligation, and the mortgage is an incident, and although the note and mortgage are one inseparable contract, the statute which operates as a bar to the action on the debt deprives the mortgagee of the right to foreclose the lien of the mortgage."

In Harper v. Gordon, 128 Cal. 489, 61 Pac. 84, it was said:

"The primary purpose of the mortgage is to secure the payment of the debt, by creating a lien on the property."

And in Ahern v. McCarthy, 107 Cal. 382, 40 Pac. 482, the court held that the fact that the mortgage was void did not invalidate the debt it was intended to secure. These statutes and decisions all indicate that, notwithstanding the provisions of section 726, the obligation of a mortgagor remains a debt, and that under the law of that state, as construed by the highest court of the state, it is one of the class of debts for which stockholders are liable. In brief, the policy of the law of the state is that the shareholder shall be directly and primarily liable as a principal debtor for the debts of the corporation, and that his liability shall not be affected by the fact that a mortgage may have been given to secure the debt, and that after having paid the debt, his recourse shall be to avail himself of the benefit of the security according to the equities between the shareholders.

The judgment is affirmed.

ROSS, Circuit Judge (dissenting). By the Constitution as well as a statute of California, the holders of stock in the corporations of the state are made liable for the corporate debts contracted or incurred while they were stockholders, in the proportion that the number of shares owned by such stockholder bears to the whole of the subscribed capital stock or shares of the corporation. Article 12, § 3, Constitution; Civil Code, § 322.

The Supreme Court of the state has in a number of cases construed these constitutional and statutory provisions to mean that the lia-

bility thus fixed upon such stockholders is primary in its character and not one of surety. In the case of Knowles v. Sandercock, 107 Cal. 629, 637, 40 Pac. 1047, 1048, relied on in the opinion of the court, it is said:

"The statute expressly makes the stockholder *liable* for the *debts* of the corporation, and it would not be good pleading to aver that the stockholder borrowed the money or bought the goods for which the indebtedness arose. The debt to be alleged is the debt of the corporation."

By the construction placed by the highest court of the state upon the constitutional and statutory provisions referred to, the federal courts are of course bound. But the construction of the statute is one thing, and the proper deduction to be drawn, in a given case, from the meaning thereby fixed, is an entirely different thing. The latter is more or less persuasive only, depending upon its soundness or unsoundness. I am unable to agree with the conclusion drawn by the court in the case of Knowles v. Sandercock, 107 Cal. 641, 642, 40 Pac. 1047, that, because the stockholder is primarily liable for his proportion of the debts of the corporation, the terms and conditions controlling the indebtedness are no concern of his; that "he is not injured nor is he benefited by the fact that the corporation has given security." The previous decision of the same court (Sonoma Valley Bank v. Hill, 59 Cal. 107), cited in support of that view, I submit, with all respect, does not all support it, for, as will be readily seen by a reference to it the security given by the corporation in that case for the debt was a mere pledge of personal property concerning which there was no such statute as section 726 of the Code of Civil Procedure of California.

In the present case we have to consider the plaintiff in error primarily liable for his proportion of the debts of the corporation in which he held the stock referred to in the record. But it is for his proportion of those debts only that he is liable. He owed his proportion of what the corporation owed, nothing more and nothing less. And he owed it upon precisely the same terms and conditions that the corporation owed the debts. The character of the burden was precisely the same; the corporation was primarily liable for the whole of its debts, and each stockholder primarily liable for his proportion of them. All of the debts in question in this case, excepting an indebtedness of $4,000, being secured by a mortgage given upon real estate by the corporation to the defendant in error, that portion of the debts of the corporation for which the plaintiff in error was primarily liable falls, therefore, within that other provision of the statutes of California which provides that there can be but one action for the recovery of a debt so secured. Code Civil Procedure, § 726.

The meaning of that section of the statute has also been often declared by the Supreme Court of the state. In a comparatively late case (Crisman v. Lanterman, 149 Cal. 647–651, 87 Pac. 89, 90 [117 Am. St. Rep. 167]) it is said:

"By the judgment in such action, the land is subjected to a sale for the purpose of satisfying the plaintiff's demand, and, if the proceeds be insufficient, a judgment for the balance is then docketed against the defendants personally liable for the debt. Until there shall be a deficiency on such sale,

there can be no personal judgment against the mortgagor, who is entitled to have his debt paid out of the land so far as the proceeds realized on foreclosure sale may render payment possible. The land is thus made primarily liable for the payment of the obligation, and the mortgagor can be called on to pay only where the proceeds of a sale of the land are insufficient. He is therefore entitled to insist that the mortgagee shall not, by releasing the land, which should be made to pay the debt, throw upon him a personal liability therefor. Bartlett v. Cottle, 63 Cal. 366; Biddel v. Brizzolara, 64 Cal. 354, 362 [30 Pac. 609]; Bull v. Coe, 77 Cal. 54 [18 Pac. 808, 11 Am. St. Rep. 235]; Porter v. Muller, 65 Cal. 512 [4 Pac. 531]; Barbieri v. Ramelli, 84 Cal. 154 [23 Pac. 1086]; McKean v. German American Sav. Bank, 118 Cal. 334 [50 Pac. 656]; Woodward v. Brown, 119 Cal. 283 [51 Pac. 2, 542, 63 Am. St. Rep. 108]."

If, as we are bound to hold (following the decisions of the Supreme Court of the state in construing the state statutes) that the corporation cannot be called on to pay the debt thus secured until the proceeds of a sale of the mortgaged property prove insufficient for that purpose, it is perfectly manifest that the stockholder cannot be compelled to pay his proportion of the secured debt until the same time, without placing upon the stockholder a greater and further burden than rests upon the corporation itself; for, if the stockholder may be compelled to pay his proportion of such secured debt the instant it becomes due, he may well be put to the cost and uncertainty of litigation in the effort to recover such excess payment as may be shown, after disposal of the mortgaged property, to have been made by him. Such a result would far exceed the liability of the stockholder under the provisions of the Constitution and statute of California as construed by the Supreme Court of the state.

I therefore think that the judgment of the court below should be modified by limiting the recovery of the plaintiff in the court below to the defendant's proportion of the California Trona Company's indebtedness not included in the mortgage, with a provision to the effect that the judgment should be without prejudice to any future action for the recovery of any other or further sums for which the defendant may be shown to be liable.