[Civ. No. 6365. First Appellate District, Division One.—May 28, 1929.]

F. B. MORRELL, Appellant, v. ANDREW CALDOW et al., Respondents.

Alvin Gerlack and Ingle Carpenter for Appellant.

John L. McNab for Respondents.

KNIGHT, J.—Defendants were stockholders in a corporation which, on October 16, 1922, executed and delivered to a payee therein named eight promissory notes in the sum of $1,000 each. In due course these notes were indorsed to plaintiff. The corporation became defunct, and plaintiff thereupon commenced this action to recover from these defendants as such stockholders their proportionate share of the indebtedness created by said notes. Judgment was given in favor of defendants, and plaintiff has appealed.

As frequently held, the liability of each stockholder in a corporation is to be measured by the proportion which the amount of his stock bears to the whole of the subscribed

capital stock of the corporation (*Thomas* v. *Wentworth Hotel Co.*, 158 Cal. 275 [139 Am. St. Rep. 120, 110 Pac. 942]); and in an action to enforce the liability of the stockholders it is incumbent upon the plaintiff therein to prove the whole amount of the outstanding subscribed stock on the date the indebtedness was incurred, so as to enable the court to determine the proportionate liability of each stockholder *Knowles* v. *Sandercock*, 107 Cal. 629 [40 Pac. 1047]). In the present case the trial court found that the total subscribed stock was not 542 shares, as alleged in the complaint, and further found that "no competent evidence was admitted at the trial showing such number of subscribed and outstanding shares" at the time said notes were executed, and that consequently "the court had before it no evidence from which it could find the number of such subscribed and outstanding shares at the time alleged by plaintiff." The sole question presented by this appeal is whether, as appellant contends, the evidence adduced at the trial is legally sufficient to warrant this court in nullifying said finding.

It appears that at the time of the general break-up of the corporation's affairs the records which the law requires a corporation shall keep with reference to its capital stock were lost, and consequently plaintiff was obliged to resort to other evidence to prove the amount of the outstanding subscribed stock at the time said indebtedness was incurred. In this regard it was sought to have admitted in evidence the entries made in a book kept by said corporation, which covered various transactions and accounts of this and other corporations; but according to the testimony of the former secretary of said corporation, who was the only witness called to identify and explain said book, "the moneys of all these corporations were hodgepodged together and. all kept in one account"; and the witness further testified that said book was known to him to be incorrect, was not full and complete, and did not purport to set forth a correct account of the outstanding stock. The trial court therefore ruled that the book was not competent to prove the fact at issue. Plaintiff then tried to introduce in evidence a so-called financial statement issued by said corporation under its corporate seal purporting to show the assets and liabilities of said corporation as of November 15, 1922, but said statement was rejected by the court because

the essential fact to be proved was the number of shares of outstanding stock on October 16, 1922, the date of the execution and entry of said notes, and it is evident that said statement was valueless for such purpose. ██ Plaintiff also made effort to introduce the testimony of a former auditor of the state corporation department as to his recollections of said corporation's affairs. But such audit related to a period nearly a year subsequent to the date on which plaintiff was required to fix the whole number of outstanding shares; and for that reason the court ruled that the evidence was not competent. We are of the opinion that there was no error in the rulings of the trial court excluding the evidence above mentioned; and, having been excluded, nothing was established thereby.

██ At the trial, during an interchange between court and counsel, and in response to a suggestion by the court that defendants contended that the number of outstanding shares of stock was nearly 700, the attorney for defendants replied that "they figured up nearer 800." Plaintiff contends that the foregoing statement amounted to an admission that the number of outstanding shares was not in excess of 800, and that such statement was binding upon the defendants. We cannot agree to such construction. There is nothing in the statement itself to justify such construction, and after reading that portion of the record of which the statement forms a part it is at once apparent that the statement was not made as or intended to be a stipulation of fact nor as a formal admission on behalf of defendants.

██ Nor are we able to sustain plaintiff's remaining point that defendants' answers admitted that 542 shares of stock were subscribed on the date of the execution of said notes. With reference thereto the complaint alleged upon information and belief that at the time said notes were executed and delivered "the total number of shares of capital stock of said Motion Picture Utility Corporation subscribed and outstanding was 542 shares. . . . " The form of denial of said allegation contained in the answers was as follows: "Deny that at the time the notes alleged in the complaint were executed or delivered, or at the time the alleged indebtedness evidenced thereby was contracted or arose, or was incurred, the total number of shares of the capital stock of Motion Picture Utility Corporation subscribed and out-

standing, or subscribed or outstanding, was 542 shares, or any number of shares less than said number of 542. But these defendants allege on information or belief that the number of shares subscribed and outstanding at said time in said Motion Picture Utility Corporation was greatly in excess of 542 shares; . . . '' It is apparent without discussio'n, we think, that such denial was legally sufficient to raise the issue. The form of denial used in the answers in the cases cited and relied upon by appellant were materially different from the one in the case at bar, and consequently we do not deem those cases in point.

In view of the foregoing state of the record an interference with the trial court's finding above mentioned would be clearly unwarranted. The judgment is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.