Los Angeles Investment Securities Corporation, Respondent, v. Alice White Joslyn, Douglas White Joslyn, Elsie E. Middendorff, Carrie W.

PHILIPS, RICHARD P. WHITE, JR., ADELE LOUISE WILLARD and JOHN DOANE, Appellants, Impleaded with Others, Defendants.— This is an appeal by the above-named appellants from a judgment of the Supreme Court of Albany county adjudging that the above respondent recover against the above-named appellants severally the various sums of money specified in the judgment. John Doane, named as a codefendant, has taken a separate appeal. This is an action at law brought to recover from the defendants several amounts of money set opposite their respective names in the prayer for relief in the complaint with interest. The liability sought to be enforced was created by section 3 of article XII of the Constitution of California and by section 322 of the California Civil Code. The constitutional provision in effect October 1, 1929, and continuing thereafter until November 4, 1930, when it was repealed, provided in part as follows: " Each stockholder of a corporation, or joint-stock association, shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock, or shares of the corporation or association." The code provision in effect October 1, 1929, and continuously thereafter until August 14, 1931, when it was repealed, provided in part as follows: " Each stockholder of a corporation * * * is individually and personally liable for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder as the amount of stock or shares owned by him at the time the debt or liability was incurred bears to the whole of the subscribed capital stock or shares of the corporation; and such liability is not released by any subsequent transfer of stock. * * * Any creditor of a corporation may commence joint or several actions against any of its stockholders or members for the amount or proportion of his claim payable by each, and in such action the court must ascertain the amount or the proportion of the claim or debt for which each defendant is liable, and a several judgment must be rendered against each, in conformity therewith.'' At the time of the commencement of this action, in October of 1932, the appellants were residents of the State of New York. A careful examination of the record and cases and the law of this State shows that the liability imposed upon a stockholder by the California law does not contravene the public policy of the State of New York (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99, 113), and that the plaintiff had a right to maintain this action. (*Coombes* v. *Getz*, 285 U. S. 434; *Dolbear* v. *Foreign Mines Development Co.*, 196 Fed. 646.) The evidence does not sustain the defendants' contention that this action is barred by the Statute of Limitations. The judgment appealed from should be affirmed, with costs. Judgment affirmed, with costs. Hill, P. J., Rhodes, Crapser and Bliss, JJ., concur; McNamee, J., dissents. [158 Misc. 164.]

HOWARD T. HEALD, Respondent, v. JEWEL TEA COMPANY, INC., Appellant.— Respondent has recovered a judgment for personal injuries received when the automobile in which he was riding came into collision with an automobile belonging to appellant, occupied by two of its employees, both of whom were killed and one of whom was driving at the time of the accident. Appellant sells groceries through the activity of its agents who travel about in assigned areas

procuring orders and thereafter delivering and making collections. An automobile delivery car is furnished each agent. Many, varied and involved are the rules governing the use by the agents of the assigned automobiles, but in the Binghamton area, where this collision occurred, appellant has no garage, but it pays one dollar and fifty cents a week towards the garage charge for each automobile. The agent to whom a car is assigned is required to attend to the washing and polishing (to be done by him or at his expense) and oiling and general lubrication (for which appellant allows seventy-five cents, the balance, if any, to be paid by the agent). The agent purchases gasoline, turning in receipts for reimbursement. All repairs up to five dollars are procured by the agent without direction from his superiors. During the week before the accident a flood of unusual magnitude had prevented the agents from covering their routes and making complete deliveries and collections during usual hours. Appellant's car, over which one of the occupants had control on the night in question, containing groceries, was proceeding along a highway within the area assigned to one of the occupants. The defense sought to negative the claim of, and the presumption in favor of, the respondent that the car was being used in respondent's business but failed to make it a matter of law in view of the broad powers granted to respondent's agents. The question was one of fact for the jury. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.